IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR EARL THOMPSON, III, | § | |
| TDCJ-CID NO.509117, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-2510 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Arthur Earl Thompson, III, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding that resulted in commissary and cell restrictions, fifteen days of solitary confinement, and a reduction of class line status. Petitioner contends he was denied due process of law because the hearing officer failed to examine all of the documentary evidence available, the charging officer's testimony was contradictory, and the evidence was insufficient to support a disciplinary conviction for threatening to inflict harm on an officer. (Docket Entry No.1).

Discussion

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the disciplinary sanctions imposed in this case do not implicate a liberty interest, petitioner is not entitled to federal habeas relief on his due process claims. Therefore, the Court will dismiss this habeas petition.

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a

liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995). Petitioner indicates that he is not eligible for mandatory supervision and he did not lose any good time credits as a result of his conviction. The other changes in petitioner's confinement do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (confinement in administrative segregation); *Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Malchi*, 211 F.3d at 959 (right to particular time-earning status). Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty interest, his claims do not implicate due process concerns. Therefore, his habeas petition does not present a cognizable basis for habeas relief and will be summarily dismissed.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.

2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## Conclusion

Accordingly, the court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

4. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED.

5. All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on August 18, 2006.

MELINDA HARMON  
UNITED STATES DISTRICT JUDGE